JOANNES BROTHERS COMPANY, Appellant, *v.* ARTHUR H. LAMBORN et al., Respondents.

**Former adjudication — pleading — contract — rescission — judgment sustaining demurrer to complaint bar to new action where complaint exhibits same case — action for damages for breach of contract inconsistent and not properly to be united with one for rescission.**

1. A judgment sustaining a demurrer to and dismissing a complaint without leave to plead over, whether right or wrong, is a bar to another action brought for the same cause, unless the defects or omissions adjudged to be present in the action are corrected or supplied by the pleadings in the other.

2. Where the complaint in an action for rescission of a contract or for recovery of the price on the basis of a rescission already declared has been dismissed on demurrer without leave to plead over and the complaint in a new action exhibits the same case as the complaint passed upon before, the complaint, if insufficient as it stood before, is not helped by the amendments, and the judgment in the former action stands as a bar.

3. A contention that the plaintiff has a cause of action for damages, though rescission be impossible, is of no avail where the complaint is not framed upon that theory.

*Joannes Brothers Co.* v. *Lamborn*, 206 App. Div. 792, affirmed.

(Argued November 20, 1923; decided December 27, 1923.)

APPEAL from a judgment, entered July 12, 1923, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of Special Term denying a motion by defendant for judgment on the pleadings and granted said motion.

*George T. Hogg* and *John F. Martin* for appellant. The complaint states a cause of action for damages for a breach of warranty. (*Tompkins* v. *Lamb*, 121 App. Div. 366; 195 N. Y. 518; *Pierson* v. *Crooks*, 42 Hun, 571; 115 N. Y. 539; *Matter of Eno*, 14 N. Y. 597; *Denton* v. *Fisher*, 3 L. R. A. [N. S.] 465; 102 Md. 386; *Passinger* v. *Thorburn*, 34 N. Y. 634; *Randall* v. *Raper*, 96 Eng. C. L. 84; *Buckbee* v. *Hohenadel, Jr., Co.*, 224 Fed. Rep. 14; *Smith* v. *McNair*, 19 Kan. 330; *King* v. *Barnes*, 109 N. Y. 267; *Gordon Malting Co.* v. *Bartels Brewing Co.*, 206 N. Y. 528.) The judgment dismissing the former complaint is not a bar to this action. It sustained a demurrer because it was adjudged that necessary allegations were wanting, not because it was adjudged that the allegations precluded a cause of action. (*Genet* v. *D. & H. C. Co.*, 170 N. Y. 278; *Rudd* v. *Cornell*, 171 N. Y. 114; *Henderson T. & R. Co.* v. *Wilson & Son*, 203 App. Div. 773; *Cohen & Sons* v. *Lurie Woolen Co.*, 232 N. Y. 112; *Stowell* v. *Chamberlain*, 3 T. & C. 374; 60 N. Y. 272; *Pollak* v. *Dodge Mfg. Co.*, 81 Misc. Rep. 216.)

*Edward S. Bentley, Louis O. Van Doren* and *Alfred C. B. McNevin* for respondents. The Appellate Division was correct in holding that this plaintiff had no claim in equity for rescission against Lamborn & Co. upon the essential facts of the transactions involved herein. (*Gould* v. *Cayuga Nat. Bank*, 86 N. Y. 75; *Vail* v. *Reynolds*,

118 N. Y. 297; *Pryor* v. *Foster*, 130 N. Y. 171; *McNaught* v. *E. L. Assur. Co.*, 136 App. Div. 774; *Maas* v. *Rosenthal*, 125 App. Div. 452; *City of Ironwood* v. *Wickes*, 93 App. Div. 164.)

CARDOZO, J.  Plaintiff's assignor elected to rescind a contract for the purchase of a quantity of sugar on learning that some of the bags were defective in grade. This action is brought for equitable relief decreeing the rescission, or if that relief be denied, then for recovery of the price on the basis of a rescission already declared. An earlier action for the same relief was dismissed on demurrer, the judgment of the Appellate Division proceeding on the ground that there could be no rescission in respect of part without re-tender of the whole.  We do not go into the question whether the decision then made is to be reconciled with our ruling in *Portfolio* v. *Rubin* (233 N. Y. 439).  Possible grounds of distinction would call for consideration if the merits were before us.. We think they are not here.  The demurrer was sustained without leave to plead over, and the complaint dismissed. A judgment so rendered, whether right or wrong, is a bar to another action brought for the same cause, unless the defects or omissions adjudged to be present in the one action are corrected or supplied by the pleadings in the other (*Gould* v. *Evansville & C. R. R. Co.*, 91 U. S. 526, 534; *Cohen & Sons, Inc.*, v. *Lurie Woolen Co., Inc.*, 232 N. Y. 112, 115; Civ. Pr. Act, § 482).  We think the complaint before us exhibits the same case as the complaint passed upon before.  Some. attempt is made to enlarge the plaintiff's rights by allegations of usage.  They are so vague and uncertain that they miss the desired effect, even if we assume the potency of usage to work so great a change (*Gravenhorst* v. *Zimmerman*, 236 N. Y. 22, 34; 2 Williston, Contracts, §§ 651–655).  Treatment of a contract as divisible for some purposes is not equivalent

14

to an agreement that divisibility for every purpose shall be regarded as a right. We conclude that the complaint, if insufficient as it stood before, is not helped by the amendments. The judgment in the former action stands, therefore, as a bar.

The point is made that the plaintiff has a cause of action for damages, though rescission be impossible. The difficulty is that the complaint is not framed upon that theory. We give no weight to the defendants' argument that a vendee who resells at the price at which he buys must pay damages to the subvendee before damages for breach of warranty will be due from the vendor. The law is settled to the contrary, and this though the resale has been effected at a profit. (*Muller* v. *Eno,* 14 N. Y. 597, 605; *Atlantic Dock Co.* v. *Mayor, etc., of N. Y.,* 53 N. Y. 64; *King* v. *Barnes,* 109 N. Y. 267, 289; *Denton* v. *Fisher,* 102 Md. 386; *Buckbee* v. *Hohenadel,* 224 Fed. Rep. 14, 23; *Randall* v. *Raper,* 4 Jur. [N. S.] 662; 96 Eng. Com. L. 84, 90). A right of action, measured by the difference between the value of the goods as they are and their value as they ought to be, accrues to the vendee at once when the warranty is broken. Such a remedy is based, however, upon the affirmance of the contract, and is inconsistent, and not properly to be united (Civ. Pr. Act, § 258), with one based upon rescission. We hold that rescission, and not affirmance, is the gravamen of the action. The complaint, covering sixteen pages of the record, and abounding in statements of the evidence, is not easily confined to any one consistent theory. It is framed in seeming forgetfulness of the requirement that " every pleading shall contain a plain and concise statement of the material facts, without unnecessary repetition, on which the party pleading relies, but not the evidence by which they are to be proved " (Civ. Pr. Act, § 241). Buried in this verbiage are phrases which, taken from their setting, and read in isolation, suggest a claim for damages. They do not transform the pleading

when we read it as a whole.   If the plaintiff has, or claims
to have, a cause of action for damages, it can state in
a few words the facts essential to a recovery.   With all
its plethora of pages, it does not state them yet.

The judgment should be affirmed with costs.

HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN,
CRANE and ANDREWS, JJ., concur.

Judgment affirmed.