SIDNEY BLUMENTHAL & Co., INC., Appellant, *v.* S. M. GALLERT & Co., INC., Respondent.

Contract — sale — delivery — construction of provisions of contract as to time for delivery — when refusal to accept goods on ground that they were not tendered in time a breach of contract — action by seller for damages — notice under section 146 of Personal Property Law — when failure to give notice and writing by seller of letters urging buyer to reconsider its refusal not an election to keep contract alive — seller may recover upon proof that it was ready, able and willing to perform.

1. Under a contract for the sale of goods made upon a printed form on which after the printed words "delivery about" the words "April—May 1920 as goods are available" were typewritten and which contained on its face, amongst other printed clauses and conditions constituting part of the contract, a provision that "shipments made within twenty days of date named for delivery shall be deemed good deliveries," a shipment made on or before June 20, 1920, would constitute a good delivery in the absence of other provisions to the contrary.

2. A contention that the clause in question must be read in connection with a preceding one to the effect that the seller should not be liable for loss resulting from delay or non-delivery caused by the act of God and other named causes beyond the seller's control but that such a delay extending for twenty days beyond the date named for delivery should release buyer and seller from obligation to receive or deliver and that when so read it means that shipment within twenty days of the date named for delivery shall be deemed good delivery only when the delay has been occasioned by one of the causes specified, cannot be sustained. The two clauses are separated by an asterisk and each clause constitutes a separate condition. Their meaning is that all shipments within twenty days constitute a good delivery, but when shipments cannot for the reasons specified be made within that time then obligation to receive or deliver ceases and the seller is not liable for any loss resulting from delay or non-delivery.

3. The refusal of the buyer to accept delivery on June eighth on the ground that the tender was too late constituted a breach of contract and the seller could treat such refusal as an abandonment of the contract and sue for damages without giving notice under section 146 of the Personal Property Law.

4. A contention that failure to give notice and the writing of several letters by the seller urging upon the buyer that its construction of the contract was erroneous and offering to deliver the goods, even after time for delivery had expired, constituted an election on the part of the seller not to treat the buyer's refusal as an abandonment of the contract but to keep it alive for the benefit of both parties, and consequently that the seller could bring no action for damages without allegation and proof of complete performance thereafter, cannot be sustained where nowhere in the correspondence can the slightest indication be found of any intent to treat the refusal to accept the goods as anything but an abandonment of the contract unless that refusal was retracted. The seller could recover its damages upon proof that it was ready, able and willing to perform. (*Rubber Trading Co.* v. *Manhattan Rubber Mfg. Co.,* 221 N. Y. 120, distinguished.)

*Blumenthal & Co.* v. *Gallert & Co.,* 209 App. Div. 602, reversed.

(Argued April 2, 1925; decided May 5, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 13, 1924, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*Eugene Blumenthal, David Levy* and *Ira S. Robbins* for appellant. The Appellate Division erred in holding that after the breach by the defendant in refusing to accept the eight pieces tendered on June eighth, the plaintiff elected to consider the contract in existence. (*Hadfield* v. *Colter,* 170 N. Y. Supp. 643; *Harris* v. *Einhorn,* 186 N. Y. Supp. 642; *Canda* v. *Wick,* 100 N. Y. 127; *Riendeau* v. *Bullock,* 147 N. Y. 269.) The Appellate Division erred in holding that plaintiff was required to make a further tender. (Williston on Sales [1924 ed.], 1195, 1196, 1452 §§ 467C, 586; *Strasbourger* v. *Leerburger,* 233 N. Y. 55.) Under the express terms of the contract, the delivery period did not expire until June 20, 1920. (*Fleischman* v. *Ferguson,* 223 N. Y. 235.)

*Walter S. Hilborn* and *David J. Gallert* for respondent. The time for delivery expired June 8, 1920. (*Welsh* v.

*Gosler,* 89 N. Y. 540; *Hill* v. *Blake,* 97 N. Y. 216; *Clark* v. *Fey,* 121 N. Y. 470; *Brown* v. *Patterson,* 165 N. Y. 460; *General Com. Co.* v. *Butterworth Co.,* 198 App. Div. 799; *Normandie Shirt Co.* v. *Eagle, Inc.,* 238 N. Y. 218.) If the delivery period expired June 8, 1920, plaintiff cannot recover because it was not able or ready to perform. (*Strasbourger* v. *Leerburger,* 233 N. Y. 55; *Makepeace* v. *Dilltown, etc., Co.,* 179 App. Div. 60; *Bernhan C. & M. Co.* v. *Ship-a-Hoy, Ltd.,* 200 App. Div. 399.) Even in the event that the period of delivery extended beyond June eighth the plaintiff cannot recover. It did not elect to consider the rejection of the June eighth installment as a breach of the entire contract. Under these circumstances plaintiff must tender in order to hold the defendant for a breach of contract. (*Fulton Bag & Cotton Mills* v. *Frankel,* 196 App. Div. 701; 234 N. Y. 580; *Becker* v. *Seegie,* 139 App. Div. 463; *Lehmier* v. *Standard Specialty & Tube Co.,* 123 App. Div. 430; *Hadfield* v. *Colter,* 188 App. Div. 563; *Ferguson Contracting Co.* v. *State of New York,* 202 App. Div. 27; 237 N. Y. 186; *Rubber Trading Co.* v. *Manhattan Rubber Mfg. Co.,* 221 N. Y. 120; *Ganun* v. *Palmer,* 202 N. Y. 483; *Rosenthal Paper Co.* v. *Nat. F. B. & P. Co.,* 226 N. Y. 313; *Strasbourger* v. *Leerburger,* 233 N. Y. 55; *Roehm* v. *Hurst,* 178 U. S. 1; *Marks* v. *Van Eeghan,* 85 Fed. Rep. 853; *Bernstein* v. *Meech,* 130 N. Y. 354.)

LEHMAN, J. The parties executed a written contract dated March 22, 1920, for the sale by the plaintiff to the defendant of sixty-three pieces of pile fabrics. The plaintiff delivered twenty-one pieces prior to June 8, 1920. It tendered to the defendant eight pieces on that day. The defendant refused to accept the goods. The plaintiff never tendered any further goods, but after some correspondence brought this action for damages caused by the defendant's refusal to accept the forty-two pieces undelivered on June eighth. The trial court held

[240 N. Y. 217]      Opinion, per LEHMAN, J.      [May,

that the plaintiff could recover only damages suffered by the defendant's refusal to accept the goods actually tendered and dismissed the complaint so far as the plaintiff sought to recover thereunder damages for failure to accept the remaining thirty-four pieces which were never tendered.

The contract was made upon a printed form prepared by the plaintiff. After the printed words " Delivery about " the words "April — May 1920 as goods are available " were typewritten. On the face of the contract a number of clauses or conditions are printed in smaller type and constitute part of the contract. Each clause is separated from the preceding clause by an asterisk. One of these clauses provides: " Shipments within twenty days of date named for delivery shall be deemed good deliveries." If that clause stood alone it would be evident that shipment made on or before June 20, 1920, would constitute a good delivery under the contract which names " about April — May 1920 " as the date of delivery. It is claimed, however, that this clause must be read as if part of the previous clause: " Seller shall not be liable for any loss sustained by buyer resulting from any delay in delivery nor from non-delivery caused by act of God, public enemy, wars between this and/or other countries, riots, fire, strikes, difficulty in procuring or scarcity of dye-stuffs, chemicals or other materials, labor troubles or other causes beyond the seller's control; delay in delivering so caused extending for a period of twenty days beyond the date named for delivery shall release buyer and seller from obligation to receive or deliver the merchandise; " and that when so read it means that " shipments within twenty days of date named for delivery shall be deemed good delivery " only when delay for twenty days has been occasioned by one of the causes specified. We think that this is a forced construction of the contract. The two clauses are separated by an asterisk and each clause in the con-

tract, separated by asterisk from other clauses, constitutes a separate condition. If this clause upon which the plaintiff relies was not intended as a separate condition it was entirely unnecessary to insert it in the contract, for under the previous clause quoted an excused delay for twenty days which did not release the buyer from his obligation to receive would make shipments within that time a good delivery. The meaning of the contract seems to us clear. All shipments within twenty days of the date named for delivery constitute ·a good delivery, but when shipments cannot for the reasons specified be made within that time, then obligation to receive or deliver the merchandise ceases and the seller is not liable for any loss sustained resulting from delay in delivery or non-delivery. The plaintiff could, therefore, make delivery under its contract at any time when goods were available before June twentieth and the refusal of the defendant to accept delivery on June eighth on the ground that the tender was too late constituted a breach of the contract.

The plaintiff could treat this refusal on the part of the defendant as an abandonment of the contract and sue for the damages occasioned by the defendant's refusal to carry out its obligation. If the defendant elected to do so, there was no necessity for the plaintiff to give notice under section 146 of the Personal Property Law. (*Henderson Tire & Rubber Co.* v. *Wilson & Son*, 235 N. Y. 489.) The plaintiff gave no such notice; on the contrary, it wrote to the defendant several letters urging upon the defendant that the defendant's refusal to accept the goods was based upon an erroneous construction of the contract, and offering to deliver the goods even after the time for delivery had expired if the defendant would accept them. It is said that this constituted an election on the part of the plaintiff not to treat defendant's refusal of the contract as an abandonment of the contract, and that the plaintiff thereby kept the contract alive for the benefit of both parties and could bring no action for damages

without allegation and proof of complete performance thereafter. (*Rubber Trading Co.* v. *Manhattan Rubber Mfg Co.*, 221 N. Y. 120.) In that case the election to keep the contract alive was evidenced by unequivocal acts. The seller there actually proceeded with performance of the contract and by ineffectual tender attempted to put the buyer in default again at a time subsequent to the buyer's original breach. In the present case the plaintiff took the course which a prudent and considerate merchant would take with a customer whose good faith he did not wish to question. It asked the reason for the refusal; it urged that the defendant should abandon an objection which if persisted in would render a tender of further goods a mere gesture or empty formality, and it *offered* to keep the contract alive if such objection was abandoned. Nowhere in the correspondence can the slightest indication be found of any intent to treat the defendant's refusal to accept the goods as anything but an abandonment of the contract unless that refusal was retracted. On the contrary, the language of plaintiff's letters shows rather an intent to regard the defendant's refusal unless retracted as a definite disclaimer of any further obligation under the contract and by reason of that disclaimer the plaintiff made no useless attempt to perform the contract further. The plaintiff could then recover its damages upon proof that it was ready, able and willing to perform (*Strasbourger* v. *Leerburger*, 233 N. Y. 55), and the evidence is fully sufficient to sustain a finding to this effect.

The judgments should be reversed and a new trial ordered, with costs to abide the event.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.