SEGGERMAN BROS., INC., Respondent, *v.* ROSENBERG BROS. & Co., Appellant.

First Department, May 14, 1926.

Pleadings — joinder of actions — goods sold by defendant to plaintiff paid for against bill of lading were seized and destroyed by Federal government — cause of action to recover purchase price on theory of failure of consideration and one on theory of breach of warranty cannot be joined — plaintiff directed, under authority of Rules of Civil Practice, rule 102, to serve amended complaint.

The purchaser of goods which were seized in transit by the Federal government and destroyed, after the purchaser had paid the purchase price against the bill of lading, cannot join a cause of action to recover the purchase price on the theory of failure of consideration, which is predicated on the rescission of the contract, and also a cause of action for breach of warranty which is necessarily predicated on the affirmation of the contract; the two causes of action are inconsistent and may not be joined in one complaint.

While the motion in this case was to dismiss the complaint, nevertheless rule 102 of the Rules of Civil Practice, under which the motion was made, authorizes the Appellate Division, where causes of action are improperly united, to direct the plaintiff to serve an amended complaint, and such direction is made in this case.

APPEAL by the defendant, Rosenberg Bros. & Co., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of December, 1925, denying defendant's motion to dismiss the complaint.

*Jonas J. Shapiro* of counsel [*Herbert A. Wolff* with him on the brief; *Greenbaum, Wolff & Ernst,* attorneys], for the appellant.

*Alfred C. B. McNevin* of counsel [*Louis O. Van Doren* and *Edward S. Bentley* with him on the brief; *Van Doren, Conklin & McNevin,* attorneys], for the respondent.

MCAVOY, J.   The defendant sought to dismiss the complaint in this action because it asserted that the causes of action set forth therein were improperly united. The specified ground of their improper joinder i that they are inconsistent.

There are two causes of action pleaded, both founded upon the same facts.

The first cause of action alleges a shipment of 1,770 boxes of evaporated apples forwarded by the defendant to the plaintiff. The apples were covered by a railroad bill of lading to defendant's order, indorsed in blank.   When the bill of lading was presented to

the plaintiff, the defendant received on the credit thereof the sum of $18,363. Subsequently the merchandise shipped was seized by the United States authorities in transit and was destroyed because of its unfit quality. The defendant thus failing to deliver the apples and the consideration failing for the payment of the amount appearing to be due under the bill of lading, the plaintiff seeks to recover from defendant as for money had and received to its use the sum it had paid when the bill of lading for the apples was presented.

The second cause of action contained in the complaint which it is claimed is inconsistent with the cause just outlined, is for a breach of warranty of quality of the goods, which it is asserted accompanied the sale thereof and was an inducement to the plaintiff to purchase them. The warranty was to the effect that the goods purchased were merchantable California dried fruit, described as " Extra Choice Apples, 1919 Crop, fit for human consumption, and in all respects conforming to the laws of the State of California and of the United States and to the rules, regulations and orders made and promulgated thereunder."

Plaintiff asserts in this cause that it purchased these apples believing in and relying upon the warranty as to their merchantable condition and the truth of the representations of their quality.

The second cause or count then sets out the shipment of the goods, the receipt of the bill of lading therefor, the payment thereon of the purchase price in the same sum as is alleged in the first cause of action; that the apples were of a different and inferior grade from that warranted to be shipped and that the government of the United States seized the 1,770 boxes of apples covered by the bill of lading and brought an action to have the goods condemned and destroyed; that the plaintiff learning of the breach of warranty and the seizure of the goods, notified the defendant thereof, demanded a refund of the purchase price and indemnity for the loss and damage sustained. It is alleged then that the merchandise had no value whatever and that if the goods were as warranted in quality they would have been worth $22,500.

The defendant's assertion of faulty pleading on this motion is that by suing for the purchase price alone, and alleging a failure of consideration for the payment thereof upon the bill of lading because the goods described therein never arrived, the plaintiff has elected to rescind the contract, treat it as null and recover back the moneys paid under it, while in the second cause of action in which plaintiff demands damages for the breach of warranty of the contract, whereby it lost the purchase price and the difference in value between the purchase price and what the goods would

have been worth if they had corresponded with the warranty, it proceeds in affirmance of the contract, treats it as existing and sues for damages for its breach. If this contention as to the theories of action in each cause be sound, the two causes of action are inconsistent with each other and may not properly be united. (See Civ. Prac. Act, § 258.) Both recent and earlier authorities unite in finding this joinder improper. In *Graves* v. *White* (87 N. Y. 463, 465) the ruling was that the money paid upon a contract unfulfilled could be recovered back as money had and received to the plaintiff's use, which action the court said, " proceeds on a right to disaffirm or rescind the agreement or treat it as abandoned."

The Uniform Sales Act (§ 69), which has been enacted in section 150 of our Personal Property Law, too, seems to recognize this right of rescission and recovery of the purchase price paid in advance. In section 150 of the Personal Property Law (as added by Laws of 1911, chap. 571, known as the Sales of Goods Act) the applicable portion runs: " 1. Where there is a breach of warranty by the seller, the buyer may, at his. election,     *     *     *

" (d) Rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have already been received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid."

The remedy of rescission may thus be had under the Uniform Sales Act where the buyer seeks to recover upon breach of warranty the purchase price paid in advance. Latterly in the Court of Appeals in *Joannes Bros. Co.* v. *Lamborn* (237 N. Y. 207) the precise question was adverted to and the language used makes imperative the holding here that uniting these causes is not permissible under our Civil Practice pleading. There the rule was announced: "A right of action, measured by the difference between the value of the goods as they are and their value as they ought to be, accrues to the vendee at once when the warranty is broken. Such a remedy is based, however, upon the affirmance of the contract, and is inconsistent, and not properly to be united (Civ. Pr. Act, § 258), with one based upon rescission."

Plaintiff argues that an action for recovery of the purchase price and an action for recovery of damages for breach of warranty are each good causes of action where there has been either a failure to deliver the goods contracted for between the parties or a failure to conform to the quality warranted. This is indisputable but it is not the issue here. The question is may such causes be united?

We think it clearly appears that the cause of action to recover the purchase price must be based upon a rescission of the contract and that an action for damages for breach of warranty must be

First Department, May, 1926.                    [Vol. 217

based upon affirmance thereof 'and that thus they are inconsistent and under the rule improperly united.

While the motion is to dismiss the complaint, nevertheless the rule under which the motion is brought, rule 102 of the Rules of Civil Practice, reads: " If any matter contained in a pleading be so indefinite, uncertain or obscure * * * or if causes of action be improperly united, the court may order the party to serve such amended pleading as the nature of the case may require."

Under this rule an order should be made directing plaintiff to serve an amended pleading in which it shall set forth either one of the causes of action as it may elect or serve such new pleading as it may be advised without uniting inconsistent causes.

The order should be modified accordingly, without costs.

CLARKE, P. J., MERRELL, FINCH and WAGNER, JJ., concur.

Order modified as directed in opinion, and as so modified affirmed, without costs.