LACE SELLING COMPANY, Appellant, *v.* BARNET SHAPIRO et al., Individually and as Copartners under the Name of BARNET SHAPIRO, Respondents.

(Argued April 12, 1928; decided July 19, 1928.)

*George Zabriskie, William E. Sims* and *Charles M. Kritzman* for appellant. The trial court erred in setting aside the verdict and dismissing the complaint as to causes of action 1, 4, 5, 6 and 7. (*Blumenthal & Co. v. Gallert & Co.*, 240 N. Y. 217; *Riendau v. Bullock*, 147 N. Y. 269; *Canda v. Wick*, 100 N. Y. 127; *DeForest Radio Tel. & Tel. Co. v. Triangle Radio Supply Co.*, 243 N. Y. 283; *Hanging Rock Iron Co. v. Roots*, 10 Fed. Rep. [2d] 154; *Lagerloef Trading Co. v. American Paper Products Co.*, 291 Fed. Rep. 947.) The trial court erred in setting aside the verdict and ordering a new trial as to causes of action 2, 3, 8 and 9. (*Lyons v. Miller*, 10 Misc. Rep. 653; *Kellogg v. Baker*, 15 Abb. Pr. 286; *People ex rel. Crane v. Ryder*, 12 N. Y. 433; *Beach v. Tooker*, 10 How. Pr. 297; *Brown v. Cody*, 23 App. Div. 210; *Carlisle v. Barnes*, 102 App. Div. 582; Civ. Prac. Act, § 434; *Finch v. Foster*, 233 N. Y. 619; *Williams v. Freel*, 99 N. Y. 666; *Babbett v. Young*, 51 Barb. 466; *Robie v. French*, 220 App. Div. 414.)

*Abraham H. Sarasohn* for respondents. The trial court did not err in dismissing the complaint as to causes of actions 1, 4, 5, 6 and 7. (*Southwith* v. *National Bank,* 84 N. Y. 420; *Day* v. *New Lots,* 107 N. Y. 142; *Romeyn* v. *Sickles,* 108 N. Y. 650; *Reed* v. *McConnell,* 133 N. Y. 427; *Northam* v. *Dutchess Mutual Ins. Co.,* 177 N. Y. 73; *Brighton* v. *Clifton,* 180 N. Y. 76; *Claflin* v. *Gerber,* 214 App. Div. 245; *Fox* v. *Davidson,* 36 App. Div. 159; *Stern* v. *McKee,* 70 App. Div. 142; *Allen* v. *Dutchess Co. Mutual Ins. Co.,* 95 App. Div. 86; *Brandt* v. *Burke,* 110 App. Div. 396.) The effect of a repudiation by defendant of the contract of sale was to relieve the plaintiff of the necessity of tendering performance. Plaintiff was still required to show that it was ready and willing to perform. (*Strasbourger* v. *Leerburger,* 233 N. Y. 55; *Bigler* v. *Morgan,* 77 N. Y. 319.)

KELLOGG, J. The plaintiff, a lace manufacturer, contracted to sell a quantity of lace goods to the defendants, who were dealers in laces. The obligations of the parties were expressed in nine separate and distinct orders, which, during the months from October, 1919, to April, 1920, were given to the plaintiff by the defendants and accepted by the plaintiff. In each order it was specified that deliveries should be made " as soon as possible." Owing to the scarcity of lace goods, and the insistent demands for deliveries made by other customers of the plaintiff, the quantity of laces delivered by the plaintiff to the defendants prior to June, 1920, in comparison with the contract quantities, was small. In June, 1920, the lace market collapsed. The defendants then requested the plaintiff to withhold further deliveries for a reasonable time and to this request the plaintiff acceded. In August, 1920, the defendants accepted deliveries of lace goods of the contract value of $3,866.39, making a payment of $1,000 in cash therefor. This left a balance due plaintiff of $2,866.39 for lace goods upon four of the nine

orders. These deliveries were the last which the plaintiff made to the defendants. Finally, toward the end of the year, the defendants refused to receive further deliveries upon the nine orders. All goods delivered had then been paid for. The undelivered laces were sold by the plaintiff in a market which was still depressed, so that the plaintiff sustained a substantial loss. This action was then brought by the plaintiff to recover its damages thus sustained. It was tried before a jury which found a verdict for the plaintiff. The trial judge set the verdict aside on the ground that it was against the weight of the evidence. The complaint, in so far as it set up causes of action for breaches of five of the nine contracts, was then dismissed. As to the four other causes of action a new trial was ordered. The order and judgment were affirmed at the Appellate Division.

Evidence given on behalf of the plaintiff, in relation to the defendants' refusal to accept deliveries, although disputed in essential particulars, was sufficient to warrant a finding by the jury that the following facts had been established: In August, 1920, the manager of the plaintiff received information that the defendants had become engaged in the business of manufacturing laces in competition with the plaintiff. He told the defendant Shapiro that, while the plaintiff would fill its outstanding orders with the defendants, it never again would do business with them. Shapiro asked the manager to think the matter over as the defendants wished to continue its dealings with the plaintiff. On November 1st, 1920, or thereabouts, Shapiro told the plaintiff that, unless the plaintiff agreed to make further sales to them, the defendants would accept no further deliveries under the nine orders. The plaintiff declined so to agree. On December 9th, 1920, the plaintiff wrote the defendant as follows: " We find that you owe us $2,866.39, about a month overdue. This amount must be paid by December 20th, 1920, or we will bring suit for same. In addition

to the foregoing we have orders for a large quantity of lace which we are ready to deliver but cannot do so because under our contract with you we cannot deliver any more goods while your account is thus overdue. Unless you make payments as aforesaid and bring your account up to date we propose to sell the balance of the goods ordered by you for your account, charge you with the difference and bring suit thereon unless same is promptly paid. Of course, if you make said payments we will at once deliver to you the balance of the goods in accordance with the terms of your order and our contract with you in respect to same." The sum of $2,866.39 was a balance which, as we have before stated, was due for deliveries upon four of the nine orders. To this letter the defendants made no written response. About a week or ten days later the defendant Friedman told the plaintiff's manager that the defendants would take the balance of the goods ordered provided the plaintiff would continue to contract with them. The manager said that the plaintiff would fill all outstanding orders but would not agree to make further sales. Whereupon Friedman stated that he could not make arrangements for the defendants to take the deliveries. In January, 1921, the plaintiff sold the remainder of the laces which had been ordered by the defendants and had not been delivered. It thereupon brought this action to recover damages based upon the difference between the prices named in the contracts and the prices secured from the sales made by it.

Manifestly, the defendants repudiated their contract obligations when, on or about November 1st, 1920, they informed the plaintiff that, unless the plaintiff made an agreement further to contract with them, they would accept no further deliveries. The plaintiff might have treated the repudiation as an anticipatory breach of all the contracts, entitling it to bring immediate suit, without tendering further deliveries, to recover the damages occasioned by the breach. (*Wester* v. *Casein Co. of*

*America,* 206 N. Y. 506; *Henderson Tire & Rubber Co.* v. *Wilson & Son,* 235 N. Y. 489; *Blumenthal & Co.* v. *Gallert & Co.,* 240 N. Y. 217; *DeForest R. T. & T. Co.* v. *Triangle R. S. Co.,* 243 N. Y. 283.) However, the plaintiff did not promptly declare a breach of contract. It did not pronounce itself relieved of performance. It did not bring suit. On the contrary, it announced, in its letter of December 9th, 1920, that it would not perform unless the defendants paid it the sum of $2,866.39. The plaintiff had no right to exact the payment of a sum of money, which was owing upon four contracts, as a condition of its performance of five other contracts, upon which nothing was owing. It further announced that, if the sum named were paid, it would continue to make deliveries under all nine contracts. The defendants reason that the letter indicated it to be the plaintiff's purpose not to avail itself of the defendants' anticipatory breach; that the plaintiff's offer to perform, upon an untenable condition as to payments to be made, itself constituted an anticipatory breach by the plaintiff of the five contracts, as to which the condition was inappropriate; that the defendants were, therefore, entitled to declare themselves relieved from any obligation on their part to perform the five contracts. (*Rubber Trading Co.* v. *Manhattan Rubber Mfg. Co.,* 221 N. Y. 120.) The difficulty is that the same argument applied to the defendants' case destroys their defense. Thus, if it was incumbent upon the plaintiff not to disaffirm its reliance upon the defendants' breach of November first, it was equally incumbent upon the defendants not to disaffirm their reliance upon the plaintiff's breach of December ninth. The defendants did not declare that they were no longer bound. On the contrary, acting precisely as did the plaintiff, they made an offer to perform upon an untenable condition, viz., that the plaintiff would agree further to contract with them. They declined to perform otherwise, although the plaintiff, at the time, unconditionally offered to perform.

Thus, the defendants committed anew an anticipatory breach which the plaintiff has never excused or waived. On the contrary, the plaintiff definitely elected to treat the contracts as completely broken by proceeding soon after to sell the contract goods in the market. It is said that the defendants' breach, made after December 9th, afforded no right of recovery to the plaintiff, for the reason that no such breach was alleged in the complaint. Evidence of the breach was received without objection by the defendants. Evidence to dispute the breach was offered by the defendants. Thus, the issue tendered by the plaintiff was met by the defendants, and its trial was had with the consent of the parties. The defendants cannot now be heard to say that the issue was not within the pleadings.

We may not disturb the judgment appealed from in so far as it affirms an order setting aside the verdict as against the weight of the evidence, and granting a new trial as to four of the causes of action. In so far as it affirms a judgment of dismissal of five of the causes of action we think that it was erroneous and that it should be modified to provide a new trial thereof.

The judgment dismissing the complaint as to the causes of action numbered 1, 4, 5, 6 and 7 should be modified by granting a new trial, with costs to abide the event, and the judgment appealed from, as so modified, affirmed.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ., concur.

Judgment accordingly.