IRVING G. ANNESS, Appellant, *v.* SEABOARD TRADING COMPANY, Respondent.

First Department, June 13, 1930.

*John Ewen* of counsel [*Tolbert, Ewen & Patterson*, attorneys], for the appellant.

*Henry I. Fillman* of counsel [*Eisman, Lee, Corn & Lewine*, attorneys], for the respondent.

MARTIN, J. The amended complaint sets forth two causes of action. The first is brought to recover the price of goods under subdivision 1 of section 144 of the Personal Property Law (as added by Laws of 1911, chap. 571), and the second is brought to recover damages under section 145 of the Personal Property Law (as added by Laws of 1911, chap. 571) for the non-acceptance of the identical goods, the sale of which is the basis of the first cause of action.

The amended complaint was dismissed at Special Term, with leave to amend, upon the ground that two inconsistent causes of action were pleaded therein. The court cited *Seggerman Bros., Inc.,* v. *Rosenberg Bros. & Co.* (217 App. Div. 7) as authority for the dismissal. The complaint in that action contained a cause of action on the contract for the contract price and a cause of action based

on a rescission of the contract. One cause of action was in affirmance of the contract, and the other was in disaffirmance of the contract.

There are a number of cases holding that a plaintiff may not plead in the same complaint a cause of action for rescission with a cause of action to recover the contract price. Neither cause of action herein is based on rescission. Both are based upon the contract.

The first cause of action is brought to recover the price of 2,592 barrels of fish. The second cause of action is brought to recover for non-acceptance of the same 2,592 barrels of fish. The first cause of action is based upon the theory that although there has been no delivery, title has passed and the breach of contract claimed is defendant's refusal to accept and pay, under which condition, the right to resell having been exercised, the plaintiff as unpaid seller may recover from the buyer damages for any loss occasioned by the breach of the contract. (Pers. Prop. Law, § 141, subd. 1, as added by Laws of 1911, chap. 571.)

These damages are the difference between the contract price and the amount realized on the resale. (*Taylor* v. *Kurzrok*, 214 App. Div. 308; *Lace Selling Co.* v. *Shapiro*, 249 N. Y. 68.)

The second cause of action is for the same breach of contract which gives the unpaid seller the right to sue for damages, and the damages recoverable may also be the difference between the contract price and the amount realized on the resale. (Pers. Prop. Law, § 145.)

Proof of the facts alleged in the second cause of action is necessary to establish the first, so that it is not inconsistent with the latter. The additional facts alleged in the first cause of action are not denied in the second cause of action, so there is likewise no inconsistency between them.

In *Shirley* v. *Bernheim* (123 App. Div. 428) the court said: " It is not a fatal objection to the amendment that the plaintiff, if allowed to amend the complaint, will give two apparently inconsistent statements of the transaction upon which his cause of action rests. Upon two vital points there will be no discrepancy, namely, that a loan of $8,000 was made and a note given for it, and that at the same time 1,600 shares of stock were delivered to defendant. It is not possible to forecast what the evidence will show as to the purpose for which the stock was delivered, and equally impossible to tell which version of the transaction will be accepted by the jury. If the plaintiff is required to go to trial upon the theory that the whole 1,600 shares were given as collateral, and the evidence shows that only 800 shares were given as collateral, and the remainder as a bonus, the plaintiff would be compelled to

bring a second action, which it would be his right to do. We should then have arrived at the very position the case will be in if the amendment be allowed, except that there would be two trials instead of one."

In *Logan* v. *Whitley* (129 App. Div. 666) the court said: " The plaintiff seeks to recover on the contract the sum of $10,000, *first*, on the theory that the contingency upon which it was to be paid happened; *second*, on the theory that the happening of the contingency was prevented by the wrongful act of the defendant's testator. There is no such inconsistency between the two grounds of recovery as precludes their being joined in one complaint. The Code provisions respecting pleading were designed to prevent, not create, pitfalls, and to enable the parties to settle their differences in one suit. Where there are several distinct grounds upon which the plaintiff may recover on but a single cause of action, it is proper to allege under different counts each ground of liability, and the plaintiff cannot be compelled to take the hazard of an election."

There appears to be no doubt, therefore, that these two causes of action, both based upon a breach of contract, and on the theory that title had passed, are wholly consistent and are necessary for the reason that if plaintiff should fail to prove the facts alleged in the first, he may rely upon the second.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., FINCH, McAVOY and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.