NEUSS, HESSLEIN & Co., INC., Appellant, v. AARON MEADOW and Others, Copartners Doing Business under the Firm Name and Style of A. MEADOW & SONS, Respondents.

First Department, April 10, 1931.

*Charles H. Meyer* of counsel [*Martin W. Kramer* with him on the brief; *Guggenheimer, Strasser & Meyer*, attorneys], for the appellant.

*Max Bergman* of counsel [*Barsha & Meadow*, attorneys], for the respondents.

SHERMAN, J.  The order appealed from entered upon defendants' motion condemns the complaint as setting forth two inconsistent causes of action, which may not be concurrently sued upon.

The first cause of action is the familiar one for damages for breach of warranty, plaintiff asserting that it entered into a contract with defendants for the purchase of a quantity of rayon crepe whereby defendants warranted that the merchandise to be delivered would conform to a particular description, be of the same kind and quality as that delivered by defendants upon a prior contract, and free from any defect rendering it unmerchantable.  When delivered and paid for, the merchandise was found to lack conformity with each of these requirements; notice of such breaches of warranty was given within a reasonable time to defendants.  Plaintiff asks the damages which flow from such a breach of warranty.

The third cause of action, after setting forth the same warranties, declares that the agreement contained a further provision to the effect that plaintiff had the right to return to defendants any of the merchandise found to be woven poorly, in excess of five per cent of the quantity contracted for, and that defendants would pay plaintiff for the returned merchandise the original cost, together with the expense incurred by plaintiff in finishing the goods; that more than five per cent of the merchandise was found to be poorly woven; that notice was given to defendants and a demand made that they accept the return of the quantity of poorly woven merchandise in excess of five per cent of the total and repay the cost and finishing expenses incurred by plaintiff; that defendants have refused to take and pay for such merchandise as required by the contract, to plaintiff's damage.

It will be observed that both causes of action proceed squarely upon the contract.  Neither is in disaffirmance.  The breaches complained of spring from separate and independent covenants contained in the same contract.

There can be no requirement that a plaintiff must elect which of two causes of action he will rely on, unless there be an inconsistency between them such as would be found if one cause of action rested upon the contract and the other was based upon disaffirmance or rescission of the contract.  (*Joannes Brothers Company* v.

*Lamborn*, 237 N. Y. 207, 210; *Seggerman Bros., Inc., v. Rosenberg Bros. & Co.,* 217 App. Div. 7.)

Inconsistency would be present if the proof of one cause of action destroyed the other. (*Taft* v. *Bronson,* 180 App. Div. 154; *France & C. S. S. Corp.* v. *Berwind-White C. M. Co.,* 229 N. Y. 89.)

Here plaintiff cannot achieve full relief by succeeding upon one cause of action, if denied recovery upon the other. The first cause of action related to all of the merchandise. The covenant out of which the third cause of action arose is applicable only to such part of the merchandise as would be found to be poorly woven, in excess of five per cent of the quantity contracted for.

The court, or a jury, at trial may upon proof find for plaintiff the amount of damages recoverable under the first cause of action; and in assessing the amount of recovery under the third cause of action take into consideration as bearing upon the cost the amount awarded for breach of warranty upon that part of the merchandise returnable to defendants as being poorly woven.

The order appealed from should be reversed, with ten dollars costs and disbursements to appellant, and the motion denied, with ten dollars costs, with leave to the defendants to answer within twenty days from service of order upon payment of said costs.

FINCH, P. J., McAVOY and MARTIN, JJ., concur; MERRELL, J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendants to answer within twenty days from service of order upon payment of said costs.